## Case No. 12,575.

SEABURY et al. v. FIELD et al.

[1 McAll. 60.] [1]

Circuit Court, N. D. California. July Term, 1855.

GRANTS—FRAUD—COURTS—CONCURRENT JURISDICTION—TRIAL—INSTRUCTIONS TO JURY.

1. Fraud is not admissible in a court of law, to impeach a patent or legislative grant; but where a party, in order to bring himself within a class of legislative grantees, must exhibit his muniments of title, fraud is admissible to prove that they have been dishonestly obtained.

2. Courts of law and equity have concurrent jurisdiction of fraud in many cases.

3. This court is not bound to notice in its charge any matters, if it thinks it not proper to do so, unless its attention is called to them, and it is asked to instruct the jury in regard to them.

[This was an action of ejectment by Pardon G. Seabury and others against Edward Field and others.]

A verdict was rendered at the present term of this court in favor of the plaintiffs [Case No. 12,574], and a motion is made for a new trial upon three grounds, all of which are enumerated in the opinion of the court.

Holliday & Saunders, for plaintiffs.

Lockwood, Tyler & Wallace, for defendants.

McALLISTER, Circuit Judge. The last ground on which this motion is predicated will be considered first. It is in these words: "That the course pursued by the plaintiffs' counsel in withholding the pretended resolution of the council, of October 3, 1849, until after the testimony was closed, and then suddenly introducing it, operated as a surprise on the defendant's counsel, and tended to mislead the jury." Under the impression there had been such irregularity as might have operated a surprise on the defendants' counsel, this court determined to set aside the verdict of the jury, and in order to satisfy itself as to the fact, required an affidavit to be filed as to the truth of the statement made on this ground of the motion. This requirement was made in the exercise of the discretion reposed in this court on motions like the present; and in analogy to the practice of our state courts as regulated by the act of the legislature of this state (articles 928, 929, Wood, Dig. 192), which declares, that where a motion for a new trial is moved on the ground of irregularity or surprise, it shall be made upon affidavit. The attorney for defendants having declined to file any affidavit, it becomes the duty of the court to limit itself to the consideration of the other grounds taken.

The first is, "because the verdict is contrary to evidence;" and the second, "that it is contrary to the instructions of the court upon the facts proved." These may be appropriately considered together. The evidence in the case was mainly directed to the

[1] [Reported by Cutler McAllister, Esq.]

fact of fraud in the grant made by Alcalde Leavenworth, to one Parker, and arose out of the following circumstances: The plaintiffs and defendants alike claimed the premises in dispute, under an act of the legislature of this state, passed March 26, 1851, entitled "An act to provide for the disposition of certain property of the state of California," which conveyed a certain interest in lands, including the premises in dispute, to two distinct classes of persons. Comp. Laws 1850–1853, p. 764. The first included those who had purchased the land in dispute by the authority of the town-council of the city of San Francisco, or of an alcalde of said city at public auction, in accordance with the terms of the grant known as the "Kearney Grant" to the city of San Francisco, the grant of which land had been recorded in the office of the recorder of San Francisco, within a period of time specified by law. The plaintiffs claimed to be comprehended in this first class, as purchasers at public auction under the Kearney grant. The defendants claimed to be included in the second class, as deriving title from the fact that they held through a grant from Alcalde Leavenworth confirmed by the ayuntamiento of San Francisco, and recorded as required by the act of the legislature. To exclude the defendants from the second class, the plaintiffs offered evidence to show that one of the steps taken by defendants which placed them in the class of grantees, to wit, the obtainment of the alcalde's grant, was fraudulent, and that the grant was recorded by the perpetration of a fraud, and the confirmation of the grant was also obtained by fraud. Such evidence, it is to be observed, was not adduced to prove fraud in the legislative grant; but simply to show that the defendants had, by the perpetration of a fraud obtained a position which enabled them to deceive the legislature, and defeat its true policy by bringing themselves within the letter of the law.

The court considered the case not unlike that where the legislature had granted certain lands to persons who held bonds of a certain description, and some of them presented bonds which were forged, or possession of which had been fraudulently obtained. In such case, proof of those facts would have been admissible; for it was not reasonable to suppose that the legislature could have intended to include the holders of both the genuine and fraudulent bonds. The alcalde grant was not the source of title; it gave no title whatever. The only source of title was the act of the legislature, and the only use of the alcalde grant was to prove that defendants had taken the proper step so as to have applied to them the description given by the legislature as to who were to take under the statute; and the evidence was admitted to prove that such step had been fraudulently taken. The court could see no difference between the forged

bonds and the fraudulent grant, when viewed not as the source of title, but as proof to identify the grantees. The court therefore permitted the defendants to give proof of fraud, in this case, to the jury; and this is made an additional ground for a new trial, which it is proper to dispose of at this time. To have excluded all evidence from the jury as to fraud, would have been in substance to instruct them that the legislature intended to include the honest and dishonest purchaser in the same category—the holder of the genuine and the forged bond—the bona fide purchaser and him who had contrived by fraud, covin, or perjury, to obtain the earmarks described by the act. To consider otherwise, this court must attribute to the legislature an intention to include those who could not bring themselves honestly within the class of grantees designated.

The counsel for defendants have urged with characteristic ability, that plaintiffs must recover on the strength of their title; and such recovery could not be affected by any equities of the adverse party; and that the authorities cited by the plaintiffs' counsel were inapplicable to this case, being those in which bills had been exhibited in chancery to fix constructive frauds upon persons standing in fiduciary relations to complainants. But it is to be observed, that the case at bar is not one in which it is sought to set aside a conveyance or other instrument for fraud; but one where a party in a court of law is to make out by evidence that he answers to a certain description given in a statute, so as to take as grantee; and the question is, can he be met with evidence of fraud, perjury, or forgery in the obtainment of that evidence? Again, the proof offered in this case is not to prove any equities set up; but simply to disprove plaintiffs' case, viz. that they are not the parties they describe themselves to be. The former is a class of cases in which fraud is solely cognizable in a court of equity. This is not one of them.

It is an admitted principle, that a court of law has concurrent jurisdiction with a court of equity in some cases of fraud. Such doctrine is enunciated by the supreme court of the United States in the case of Gregg v. Lessee of Sayre, 8 Pet. [33 U. S.] 244, which was an action of ejectment; and this doctrine is reasserted in kindred cases. This is founded upon a legislative grant which was not assailed by the evidence offered. The evidence admitted went only to prove that one of the steps defendants had taken, and which it was necessary for them to prove, to entitle them to take under the legislative grant, in fact had never been in good faith taken. The court cannot perceive error in the ruling in of evidence of fraud in this case. When "matters alleged to be fraudulent are investigated in a court of law, it is the province of the jury to find the facts and determine their character." In this case

the facts were left to the jury, and the court charged them that "it was their province to judge of them independently of the court, limited only in their inquiries by the boundaries of truth." Upon the facts, and under that charge, the jury have returned a verdict, which the court is asked to reverse.

It is urged, that a motion for a new trial is an appeal to the discretion of the court. But that discretion is controlled by as well settled principles as is the judgment of the court in any other case. No one of those principles is more clearly settled than that which inculcates that the verdict of a jury will not be set aside as against evidence where there has been evidence on both sides, even where such verdict, in the opinion of the court, has been given against the preponderance of evidence, unless some known principle of law has been violated, or manifest injustice has been done. Now, in the protracted trial of this cause, evidence was given on both sides. The plaintiffs, to disprove the fact that defendants came within the description of the grantees described by the statute, introduced testimony, not to impugn the legislative grant, but the acts of defendants which they alleged gave them a right to claim under that legislative grant. The evidence was introduced to prove that defendants never had obtained a grant from Alcalde Leavenworth which was a valid one. With that view the evidence was used to show that, unlike all other alcalde grants, no consideration passed between the grantee and the alcalde; that on the day following the date of the grant issued by Leavenworth as alcalde, Parker, the grantee, reconveyed the lot to Leavenworth as an individual; that the four persons at that time composing the ayuntamiento who confirmed the grant made by Leavenworth, at one and the same time, and by one and the same instrument, confirmed numerous grants made to themselves individually by the same Alcalde Leavenworth, and under the same circumstances; that on the 3d October, 1849, the ayuntamiento who had succeeded to the one who had confirmed the grant, denounced the transactions of Alcalde Leavenworth in granting lands under the circumstances he did, and publicity to such denunciation was given at the time; that the character of the transaction was notoriously known; and, finally, such confirmation, if not fraudulent, did not include the lot in dispute, but referred to other lots granted by Alcalde Leavenworth under different circumstances, and that the grant on its face bears date in 1848, and is recorded as bearing date in 1849. Evidence was introduced to explain the variance which existed between the dates of the grant and the record. A witness was sworn who testified that the date on the face of the grant was correct, and that he (the witness) had carried the document in 1848 to be recorded. Now, all this is testimony upon which the jury should pass. They have done so, and under the rule

stated, did this court even consider that the evidence preponderated against the verdict, it would be, it conceives, an aggression on the rights of the jury to nullify their verdict, unless satisfied some principle of law had been violated, or manifest injustice had been done. The court cannot arrive at such conclusion in this case.

The remaining ground, taken is, in these words, "Because the court should have instructed the jury as matter of law that the resolution of the council of October 11, 1848, was a confirmation of the grant by Leavenworth to Parker, within the meaning of the act of 26 March, 1851." To have so instructed them would have been to charge them to dismiss from their minds all the evidence which tended to prove that there had been no confirmation, it having been procured by fraud, and which under the previous ruling of the court had been permitted to go to the jury. If there be error in that ruling, it was in the power of the party to have excepted to it. A second reply is to be found in the fact that the court was not asked so to instruct the jury; as will be seen by the seven instructions asked by defendants' counsel. Had they been asked they would have been given, with a qualification.

As this point is of great practical importance in this court, it may be well to express explicitly its views upon the subject. To every legal proposition applicable to a case, a party has the right to ask from the court an instruction to the jury; to the ruling on which the party has the right to except, in the manner and at the time prescribed by the rules of this court; but this court is not bound to notice, in its charge to the jury, any matters of law if it thinks it proper not to do so, unless its attention is called to them, and it is asked to instruct the jury in regard to them. In U. S. v. Fourteen Packages of Pins [Case No. 15,151], Judge Hopkinson, arguendo, says: "If the counsel in a cause desire to have the opinion of the court given to the jury upon any point or matter of law, it is their duty to state it implicitly, and to ask the opinion of the court, or they cannot make the silence of the court, or an omission to instruct the jury upon that point, a ground for a new trial. Misdirection is always a good ground; but not, an omission to direct when no direction is required. When a charge or opinion is wanted on a particular ground, it must be particularly stated and asked for. Such is the practice, and such it ought to be, or verdicts would be perpetually in danger from concealed objections." The third clause of the 43d rule of this court declares, "All exceptions to the charge of the court to the jury shall be specified in writing, immediately on the conclusion of the charge, and handed to the court before the jury leave the box; and the bill must be prepared in form and presented to the judge within two weeks after the verdict." The 32d rule of this court further provides, "that

all instructions required by counsel to be given to the jury shall be presented in writing, and argued to the court before opening the argument to the jury."

Upon a review, therefore, of all the grounds taken, the court is unwilling to disturb the verdict of the jury. The motion for a new trial is overruled.

[This cause was subsequently carried, on writ of error, to the supreme court, where the judgment of this court, rendered in Case No. 12,574, was reversed. 19 How. (60 U. S.) 323.]